UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04140-JWH-AJR | Date | July 27, 2026 |
| Title | *Osama Farah v. James Janecka, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Priscilla Deason for Clarissa Lara | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: ORDER DENYING PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [ECF No. 2]**

Before the Court is the *ex parte* application of Petitioner Osama Farah for a Temporary Restraining Order (a "TRO").[1] Through his Application, Farah requests that the Court (1) issue an order to show cause ("OSC") and direct Respondents to file and serve a response to that OSC; (2) direct Respondents to lodge the complete administrative record related to Farah's continued detention, including the custody-review file, the July 22, 2026, custody determination and supporting materials, and all travel-document materials; and (3) direct Respondents, during the pendency of this matter, not to transfer Farah outside of this District without notice to the Court and to Farah's counsel. The Court determines that this matter is appropriate for resolution without a hearing. *See*

[1] Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "Application") 6:22-7:4 [ECF No. 2].

Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support,[2] the Court **DENIES** Farah's Application, for the reasons set forth below.

In view of the high volume of petitions for writs of habeas corpus filed by those in immigration detention, and to facilitate their expedited resolution, the Court has issued General Order No. 26-05.[3] Pursuant to that General Order, the Court set a briefing schedule for Farah's Petition: Respondents' answer is due by July 31, 2026, and Farah's reply, if any, is due no later than August 3, 2026.[4] Furthermore, General Order No. 26-05 requires the Government to provide Farah at least "two court days' notice" if it intends to remove him from the Central District of California.[5]

In view of the expedited briefing schedule for the underlying Petition and the notice requirement before Farah may be removed from this district, the Court is not convinced that emergency relief is necessary. Any delay that may result from awarding Farah relief based upon the Petition alone would be minimal. Thus, the Court concludes that Farah is not entitled to preliminary relief at this time. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). Accordingly, Farah's Application is **DENIED**.

For those reasons, the Court hereby **ORDERS** as follows:

1. Farah's instant Application [ECF No. 2] is **DENIED**.

2. Pursuant to General Order Nos. 05-07 and 26-05, proceedings on the merits of Farah's underlying Amended Petition will **CONTINUE** before the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

---

2 The Court considered the documents of record in this action, including the following papers: (1) Application; and (2) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

3 Not. of General Order 26-05 and Briefing Schedule (the "General Order") [ECF No. 5].

4 *Id.* at 2:2-8.

5 *Id.* at 4:23–26.